UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONTAE J. GORDON,

    Plaintiff,

v.

Case No. 22-cv-11873
Hon. Matthew F. Leitman

KIM CARGOR, *et al.*,

    Defendants.
_____/

## ORDER (1) SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS (ECF No. 44) TO REPORT AND RECOMMENDATION (ECF No. 43) AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (ECF No. 31)

Plaintiff Deonte J. Gordon is a state inmate in the custody of the Michigan Department of Corrections (the "MDOC"). In this action, Gordon claims that the Defendants, who are all employees of the MDOC, violated his constitutional rights while he was temporarily confined at the Charles E. Egeler Reception and Guidance Center (the "RGC"). (*See* Compl., ECF No. 1.) More specifically, Gordon says that the Defendants (1) violated his free exercise rights under the First Amendment when they refused to provide him vegan meals in violation of his religious beliefs, (2) violated his rights under the Eighth Amendment when they failed to provide him vegan meals, and (3) violated his rights under the Eighth Amendment based on the

1

conditions of his confinement. (*See id.*) Gordon also brings a state-law negligence claim against the Defendants. (*See id.*)

On April 4, 2023, the Defendants moved to dismiss Gordon's claims. (*See* Mot., ECF No. 31.) On September 18, 2023, the assigned Magistrate Judge issued a report and recommendation in which he recommended that the Court grant the motion in part and deny the motion in part (the "R&R"). (*See* R&R, ECF No. 43.) More specifically, the Magistrate Judge recommended that the Court (1) allow Gordon to proceed on his First Amendment free exercise claim arising out the alleged failure of certain Defendants to serve him vegan meals, (2) dismiss Gordon's Eighth Amendment claims in their entirety, and (3) decline to exercise supplemental jurisdiction over Gordon's state-law negligence claim. (*See id.*, PageID.427.)

Gordon filed objections to the R&R on October 6, 2023. (*See* Objections, ECF No. 44.) The Court has carefully reviewed the objections, and for the reasons explained below, it **SUSTAINS** the objections in part and **OVERRULES** the objections in part.

I

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. See Fed.R.Civ.P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R

2

to which a party does not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). In addition, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Here, Defendants did not object to the Magistrate Judge's recommendation that the Court allow Gordon to proceed on his First Amendment free exercise claim against Defendants Cargor, Jarret, Malloy, Howard, Peal, and John/Jane Doe Transfer Coordinator. Likewise, no party has objected to the Magistrate Judge's recommendation that the Court decline to exercise supplemental jurisdiction over Gordon's state-law negligence claim. The Court therefore **ADOPTS** the recommended disposition of the R&R with respect to those claims.

## II

### A

Gordon raises two objections to the R&R. He first objects to the Magistrate Judge's recommendation that the Court dismiss his Eighth Amendment claim arising out of the Defendants' alleged failure to provide him vegan meals. (*See* Objections, ECF No. 44, PagbeID.434.) Gordon says that he was deprived of vegan meal options for four months while he was incarcerated at the RGC, and he insists that "the (4) month duration that Defendants failed to provide [him] religious meals[] amounted to cruel & unusual punishment contrary to the 8th Amendment." (Objections, ECF

3

No. 44, PageID.434.) The Magistrate Judge disagreed. He explained in the R&R that where, as here, a prisoner is offered "nutritious meals," an "inmate's choices regarding [that] food – even religious choices" do not "implicate[]" the Eighth Amendment. (R&R, ECF No. 43, PageID.421-422.)

The Court agrees with the Magistrate Judge that Gordon has not stated a viable Eighth Amendment claim arising out of the alleged failure to provide him vegan meals. To the extent that the Defendants deprived Gordon of vegan meal options in violation of his religious beliefs, that deprivation may implicate the *First* Amendment, not the Eighth Amendment. As one court explained when rejecting a similar claim brought by an inmate:

> [P]laintiff's complaint does not allege that he was denied food, or that even that he was denied wholesome or nutritionally adequate food. Instead, plaintiff alleges that he ate only fruits and vegetables solely because of his religious preference for a kosher diet. Although such an allegation might state a claim for violation of the First Amendment's free exercise clause, an allegation that a prisoner has elected not to consume the "whole meals" provided by the prison – and solely because of his religious preference – does not state a claim for violation of the Eighth Amendment.

*Mobley v. Smith*, 2007 WL 1650934, at *6 (W.D. Mich. June 4, 2007). *See also Turner v. Welkal*, 2014 WL 347815, at *9, (M.D. Tenn. Jan. 31, 2014) ("The court concludes that the plaintiff's factual allegations concerning missed meals and being served food that did not comport with his religious convictions, construed as true,

4

fail to establish a violation of the plaintiff's Eighth Amendment rights"); *Burks v. Campbell*, 2018 WL 6504173, at *2 (E.D. Mich. Dec. 11, 2018) ("A denial of a religious diet cannot be grounds for an Eighth Amendment claim"). And here, the Court will allow Gordon to proceed on his First Amendment claim arising out of the alleged failure to provide him vegan meals.

Gordon counters that under the Sixth Circuit's decision in *Welch v. Spaulding*, 627 F. App'x 479 (6th Cir. 2015), "the failure to provide a Veggy substitute for (4) months equates to the failure to provide adequate nutrition, which violates the 8th Amendment." (Objections, ECF No. 44, PageID.434.) But *Welch* did not involve an alleged violation of the Eighth Amendment. Indeed, the claim in *Welch* was that "the defendants violated [the plaintiff's] *First Amendment* right to the free exercise of his religion, Nation of Islam, by providing him meals that contained approximately half the daily calories provided to the general prison population during the month of Ramadan." *Welch*, 627 F. App'x at 481 (emphasis added). Thus, *Welch* does not stand for the proposition that Gordon can bring an Eighth Amendment claim under the facts alleged here.

For all of the reasons explained above, the Court **OVERRULES** this objection, and it will **DISMISS** Gordon's Eighth Amendment claim arising out of the alleged failure to provide him vegan meals.

5

**B**

Gordon next objects to the Magistrate Judge's recommendation that the Court dismiss his Eighth Amendment claims arising out of the conditions of his confinement. (*See* Objections, ECF No. 44, PageID.429-433.) The Court **SUSTAINS** this objection in part and **OVERRULES** it in part.

In his Complaint, Gordon raised several issues about the conditions of his confinement at the RGC. For example, Gordon said that:

- The RGC "does not allow inmates to order shower shoes, nor do they provide them to inmates" and, as a result, he was "forced to either not shower at all or shower barefooted in a community shower shared by over 220 inmates, where those inmates blow snot, urinate, and ejaculate." (Compl., ECF No. 1, PageID.15.)

- He "was forced to go (3) weeks without soap, toothpaste & deodorant." (*Id.*, PageID.15.)

- His "laundry [was] washed only once per week." (*Id.*, PageID.16.)

- He was provided "only (1) roll of [toilet paper] per week […] with no exceptions." (*Id.*, PageID.17.)

- The windows of his cell were "busted out[,] creating freezing temperatures" in his cell. (*Id.*, PageID.16.)

- The water was turned off in his cell. (*See id.*, PageID.18.)

6

- He was not provided sufficient recreational time. (*See id.*, PageID.17.)

- He was not provided sufficient access to a telephone. (*See id.*)

- He was not provided sufficient access to reading materials. (*See id.*, PageID.18.)

In the R&R, the Magistrate Judge concluded that none of Gordon's allegations about the conditions of his confinement stated a viable Eighth Amendment claim. (*See* R&R, ECF No. 43, PageID.422-426.)

Gordon objects and insists that, "when considered in combination with each other," his allegations about the conditions of his confinement state a viable Eighth Amendment claim. (*See* Objections, ECF No. 44, PageID.429-433.) The Court agrees with Gordon in part. In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court explained when a court may consider a prisoner's claims in the aggregate when determining if a constitutional violation exists. Under the standard described in *Wilson*, a court may consider allegations "in combination" if, and only if, the allegations have a "mutually enforcing effect that produces the deprivation of a single, identifiable" need:

> *Some* conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets. Compare *Spain v. Procunier,* 600 F.2d 189, 199 (CA9 1979) (outdoor

7

> exercise required when prisoners otherwise confined in small cells almost 24 hours per day), with *Clay v. Miller,* 626 F.2d 345, 347 (CA4 1980) (outdoor exercise not required when prisoners otherwise had access to dayroom 18 hours per day). To say that some prison conditions may interact in this fashion is a far cry from saying that all prison conditions are a seamless web for Eighth Amendment purposes. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists.

*Wilson*, 501 U.S. at 304-305 (emphasis in original).

Some of Gordon's allegations about the conditions of his confinement may be considered "in combination" because they have a "mutually enforcing effect that produces the deprivation of a single, identifiable" need: hygiene. Indeed, Gordon's claims that he was deprived of shower shoes, toilet paper, hot water, toothpaste, soap, deodorant, and clean clothes all speak to the deprivation of a single need – Gordon's need for basic hygiene. And when the Court accepts those allegations as true, it is not prepared to say, at the motion to dismiss stage, that Gordon has failed to state a viable Eighth Amendment claim with respect to those allegations. Thus, the Court will allow Gordon to proceed with his claims that the Defendants violated his Eighth Amendment rights when they failed to provide him basic necessities related to his hygiene.

As to Gordon's remaining claims about the conditions of his confinement, the Court concludes that none of those claims have a sufficient "mutually enforcing

8

effect" that would allow the Court to consider them in combination, and the Court therefore **OVERRULES** Gordon's objections regarding those claims.[1]

### III

For all of the reasons explained above, **IT IS HEREBY ORDERED** that Gordon's objections (ECF No. 44) to the R&R (ECF No. 43) are **SUSTAINED IN PART AND OVERRULED IN PART**. The objections are **SUSTAINED** with respect to Gordon's Eighth Amendment claim arising out of the alleged failure to provide him basic necessities related to his hygiene. The objections are **OVERRULED** in all other respects.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (ECF No. 31) is **GRANTED IN PART AND DENIED IN PART**. The motion is **DENIED** with respect to (1) Gordon's First Amendment free exercise claim and (2) Gordon's Eighth Amendment claim arising out of the alleged failure to provide him basic

---

[1] For example, Gordon alleges that the windows were "busted out" in his cell and that caused his cell to be "freezing" cold. (Compl., ECF No. 1, PageID.16.) But none of Gordon's other allegations in his Complaint about the conditions of his confinement relate to cold temperatures in his cell. Moreover, the documents Gordon attached to his Complaint show that when Gordon raised complaints about the windows and temperature in his cell, maintenance workers at the RGC "were able to get the windows to close" and were "working on getting the broken windows fixed." (Compl., ECF No. 1, PageID.61.) Under those circumstances, the Court agrees with the Magistrate Judge that Gordon has not stated a viable Eighth Amendment claim with respect to the broken windows in his cell.

necessities related to his hygiene. The motion is **GRANTED** with respect to the remaining portions of Gordon's Eighth Amendment claim.

Finally, the Court declines to exercise supplemental jurisdiction over Gordon's state-law negligence claim. That claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: December 15, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 15, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126